**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000624
14-SEP-2018
08:12 AM**

NO. CAAP-17-0000624

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JAMES K. LIBERO, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 17-1-0013(2))

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Reifurth and Chan, JJ.)

Petitioner-Appellant James K. Libero appeals from the Findings of Fact, Conclusions of Law, and Judgment Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, filed on August 4, 2017, in the Circuit Court of the Second Circuit ("Circuit Court").[1]

On appeal, Libero contends that the Circuit Court erred by denying his non-conforming petition to vacate, set aside, or correct judgment or to release petitioner from custody ("Petition") which requested retesting for deoxyribonucleic acid ("DNA") on a kiawe branch used during the assault of a complaining witness in Cr. No. 98-0697(2).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Libero's point of error as follows:

Libero does not challenge the Circuit Court's findings that he previously requested, and was granted, DNA testing but no DNA profile could be identified from the branch. *See* Findings of Fact Nos. 4 to 7. Therefore, the circuit court properly

---

[1] The Honorable Peter T. Cahill presided.

concluded that the standards under Hawaii Revised Statutes section 844D-123 for post-conviction DNA testing have not been met. Specifically, the kiawe branch had previously been subjected to DNA testing and Libero does not assert there is an analysis that can now resolve an issue not resolved by previous analysis. *See* HRS § 844D-123(a)(4) and (b)(3) (2014). Moreover, HRS section 844D-130(a) (2014) states:

> **Successive motions.** (a) If the defendant has filed a prior motion for DNA testing under this part or any other provision of law, the defendant may file, and the court shall adjudicate, a successive motion or motions under this part; provided that the defendant asserts new or different grounds for relief, including but not limited to factual, scientific, or legal arguments not previously presented, or the availability of more advanced DNA technology.

In the Petition, Libero offers the same basis for relief as he did in his petitions in S.P.P. Nos. 04-1-0008(2), 09-1-0030(2), and 13-1-0002(2). Specifically, Libero contends that if he used a branch to assault the complaining witness, there would have been DNA of the complaining witness or himself on the branch, but no DNA profile was obtained or the evidence did not prove he was guilty. Libero did not assert a new or different ground for relief, thus, the Circuit Court did not err by denying the Petition.

THEREFORE, IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Judgment Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, filed on August 4, 2017, in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 14, 2018.

On the briefs:

James K. Libero,
Pro Se Petitioner-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

2